UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES, ex rel. SAMUEL ADAM
COX III,

    Plaintiff-Relator,

v.                                                    No. 2:08-cv-02832-BBD-tmp

SMITH & NEPHEW, INC.,

    Defendant.

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF-RELATOR'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Defendant Smith & Nephew, Inc. ("S&N") hereby moves for leave to file a reply brief addressing various issues raised in the Plaintiff-Relator's Response in Opposition to S&N's Motion to Dismiss the Amended Complaint. In support of this motion, S&N states as follows:

1.     The Plaintiff-Relator filed his Amended Complaint in this case on or about February 12, 2010. (Doc. 12).[1] In sum, the Plaintiff-Relator purports to assert *qui tam* claims under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, based upon allegations that S&N – in connection with sales of medical devices to the United States government – made false certifications of compliance with the country-of-origin requirements of the federal Trade Agreements Act. The Plaintiff-Relator also purports to assert a retaliatory discharge claim against S&N based upon the whistleblower protection provisions of 31 U.S.C. § 3730(h).

---

[1] The original Complaint was filed under seal on or about December 1, 2008. (Doc. 1). On November 24, 2009, the United States formally declined to intervene in this action. (Doc. 6). One day after the Court issued an Order unsealing the original Complaint (Doc. 11), Plaintiff-Relator filed the Amended Complaint.

2. On April 13, 2010, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, S&N moved the Court to dismiss the Amended Complaint. (Doc. 18). As set forth in detail in its Motion to Dismiss and accompanying Memorandum, S&N contends that the Court lacks subject matter jurisdiction over the *qui tam* allegations in Counts I-III of the Amended Complaint because those allegations are based upon public disclosures and the Plaintiff-Relator is not an original source of information as required by the False Claims Act. In addition, S&N contends that Counts I-III must be dismissed because Plaintiff-Relator has failed to plead his False Claims Act allegations with particularity as required by Fed. R. Civ. P. 9(b). Lastly, S&N contends that Plaintiff-Relator has failed to allege sufficient facts to sustain his retaliation claim found in Count IV. If successful, S&N's Motion to Dismiss will dispose of all issues in this case.

3. On June 16, 2010, Plaintiff-Relator filed its Response in Opposition to S&N's Motion to Dismiss (Doc. 31).[2] In his Response, Plaintiff-Relator raises a number of issues that warrant a reply from S&N in order to provide the Court with a complete analysis of the deficiencies in Plaintiff-Relator's Amended Complaint. A copy of S&N's proposed Reply is attached hereto as Exhibit A.

4. Plaintiff-Relator does not oppose S&N's request for permission to file a Reply.

WHEREFORE, in light of the foregoing, S&N respectfully requests that the Court enter an Order allowing it to file a Reply in this regard. A proposed Order granting this request has been transmitted to the Court's ECF mailbox.

---

[2] That same day, and with S&N's consent, Plaintiff-Relator obtained an Order from the Court allowing permission to exceed the page limitations imposed by the Court's Local Rules (Doc. 30).

Respectfully submitted,

| | |
|---|---|
| Of Counsel: | s/ Glen G. Reid, Jr.<br>Glen G. Reid, Jr. (Tenn. Bar # 08184) |
| Robert J. Conlan<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Tel.: 202-736-8000<br>Fax: 202-736-8711<br>rconlan@sidley.com | Byron N. Brown, IV (Tenn. Bar # 023529)<br>WYATT, TARRANT & COMBS LLP<br>P.O. Box 775000<br>Memphis, Tennessee 38177<br>Tel.: 901-537-1000<br>Fax: 901-537-1010<br>greid@wyattfirm.com<br>bbrown@wyattfirm.com |
| Admitted *Pro Hac Vice* | Attorneys for Defendant |

CERTIFICATE OF CONSULTATION

The undersigned hereby certifies that pursuant to Local Rule 7.2, on June 22, 2010, I consulted with David Sanford, counsel for the Plaintiff, regarding the relief requested by this Motion. Mr. Sanford advised that Plaintiff's counsel does not oppose the relief requested by the instant Motion.

s/ Glen G. Reid, Jr.

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2010, a true and correct copy of the foregoing was served on all counsel of record by the Court's electronic case filing notification system.

s/ Glen G. Reid, Jr.

645700.1